# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **AXO STAFF LEASING, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:19-CV-2-LY** |
| | § | |
| **ZURICH AMERICAN INSURANCE** | § | |
| **COMPANY, MCCREADIE &** | § | |
| **MCCREADIE, INC., LASSITER WARE** | § | |
| **INSURANCE,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant Lassiter Ware Insurance's Motion for Summary Judgment (Dkt. No. 19), Defendant Zurich American Insurance Company's Motion to Strike Plaintiff's Amended Complaint (Dkt. No. 41), and Plaintiff AXO Staff Leasing, LLC's Motion for Leave to File a First Amended Complaint (Dkt. No. 44). The District Court referred the motion for summary judgment for Report and Recommendation and the motions regarding the amended complaints for disposition to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    BACKGROUND

This lawsuit is an insurance coverage dispute between AXO Staff Leasing, LLC ("AXO"), its insurer Zurich American Insurance Company ("Zurich"), and its prior insurance agents, McCreadie and McCreadie, Inc. d/b/a American PEO Insurers ("McCreadie") and Lassiter Ware

Insurance ("Lassiter Ware"). The Court recounts a complete summary of the parties' dispute in its recent Order issued on September 16, 2019. Dkt. No. 31.

In essence, the parties dispute whether Zurich must cover AXO's losses arising from a former Chief Financial Officer's embezzlement and failure to file or pay the company's taxes from 2010 to 2017. *See* Dkt. No. 1-2 at ¶¶ 8-28. AXO alleges losses of at least $3.6 million through embezzlement, $4.9 million in penalties and interest, and $9.7 million in unpaid underlying taxes. *See* Exh. E to Dkt. No. 1-2 at p. 1. On November 30, 2018, AXO filed this lawsuit in state court against Zurich, alleging breach of contract, unfair settlement practices, and a violation of the Texas DTPA. Dkt. No. 1-2 ¶¶ 29-49. AXO also asserted a common law negligence claim against two past insurance agents, McCreadie and Lassiter Ware. Dkt. No. 1-2 ¶¶ 50-54. Zurich timely removed based on this Court's diversity jurisdiction, Dkt. No. 1, and filed a motion to compel discovery from AXO, Dkt. No. 13.

Lassiter and AXO then filed cross-motions for summary judgment. Dkt. Nos. 19, 21. After granting the motion to compel, the District Court struck AXO's motion for summary judgment because the discovery granted would affect the issues raised in AXO's motion. Dkt. Nos. 32, 38 (adopting Report and Recommendation). The Court, however, found that the discovery would have no effect on the issues raised in Lassiter's motion for summary judgment. *Id.* Lassiter's motion remains pending and is now before the Court. Dkt. No. 19.

On September 30, 2019, AXO filed an Amended Complaint. Dkt. No. 34. Zurich moved to strike the Amended Complaint because AXO did not seek leave of Court or written consent of opposing counsel before filing, as required by Rule 15(a)(2). Dkt. No. 41 at 1 (citing FED. R. CIV. P. 15). AXO then filed an unopposed Motion for Leave to File a First Amended Complaint, requesting leave of Court and advising that all parties consented to the filing, subject to stipulated

extensions for responses. Dkt. No. 44 at 2. The Court will first consider whether to grant leave to file the amended complaint, and if so, the impact of the amended complaint on any other pending motions.

## II.    DISCUSSION

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(1)-(2). "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

### A.  Zurich's Motion to Strike the Amended Complaint (Dkt. No. 41)

Zurich is correct that AXO's Amended Complaint at Dkt. No. 34 did not comply with Rule 15 because AXO neither requested leave of Court nor indicated the consent of opposing counsel. Dkt. No. 41 (citing Dkt. No. 34; FED. R. CIV. P. 15(a)(1)-(2)). AXO appears to acknowledge these deficiencies by filing a Motion for Leave to File a First Amended Complaint that requests leave of court and notes the consent of all parties. Dk. No. 44. AXO also asks to withdraw the deficient amended complaint at Dkt. No. 34. *Id.* ¶ 5. Because the Amended Complaint filed at Dkt. No. 34 did not comply with the Federal Rules and AXO itself seeks to withdraw the filing, the Court grants Zurich's motion to strike the Amended Complaint filed at Dkt. No. 34.

**B.  AXO's Motion for Leave to File a First Amended Complaint (Dkt. No. 44)**

All parties consent to AXO's request for leave to file a First Amended Complaint. Dkt. No. 44 at 2. AXO's request to amend its pleadings is timely under the Scheduling Order. *See* Dkt. No. 25 ¶ 1 (setting a deadline of October 18, 2019). The Court finds no substantial reason to deny leave and that it is in the interest of justice to allow AXO to file a First Amended Complaint. Given these findings and Rule 15's "bias in favor of granting leave to amend," the Court grants AXO's motion. *Lyn–Lea Travel*, 283 F.3d at 286; *Mayeaux*, 376 F.3d at 425. The Clerk of Court shall file the document at Dkt. No. 44-2 as the First Amended Complaint in this action.

**C.  Lassiter Ware's Motion for Summary Judgment (Dkt. No. 19)**

The First Amended Complaint affects the issues in Lassiter Ware's Motion for Summary Judgment. AXO's original petition asserts a single claim of negligence against Lassiter Ware, and the motion for summary judgment addresses only that claim. Dkt. No. 1-2 ¶¶ 50-54; Dkt. No. 19. The First Amended Complaint adds a new claim against Lassiter Ware for breach of fiduciary duty. Dkt. 44-2 at ¶¶ 56-59. It also alleges more specific facts about the relationship between Lassiter Ware and McCreadie that may relate to AXO's negligence claim. *Id.* ¶ 9.

"An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). As a result, an amended complaint "generally renders moot a motion for summary judgment on the original complaint." *Lofty, LLC v. McKelly Roofing, LLC*, 2018 WL 6004307, at *1 (N.D. Tex. Nov. 7, 2018), *report and recommendation adopted*, 2018 WL 6000147 (N.D. Tex. Nov. 15, 2018).

Here, because AXO's First Amended Complaint supersedes the original complaint and adds both a new claim and more detailed factual allegations regarding Lassiter Ware that may relate to

AXO's negligence claim, the Court finds that Lassiter Ware's Motion for Summary Judgment is now moot. *See King*, 31 F.3d at 346; *Lofty*, 2018 WL 6004307, at *1. The Court therefore recommends that the District Judge dismiss Lassiter Ware's Motion for Summary Judgment as moot without prejudice to re-filing.

## III. ORDER AND RECOMMENDATION

Based on the foregoing, the undersigned **ORDERS** that AXO's Motion for Leave to File a First Amended Complaint (Dkt. No. 44) is **GRANTED**, and AXO shall file the document attached at Dkt. No. 44-2 as the First Amended Complaint in this action.

The Court also adopts the parties' stipulated deadlines for responses. *See* Dkt. No. 44 ¶ 5. Accordingly, the Court **FURTHER ORDERS** that Answers to the First Amended Complaint are due 30 days after the abatement as to Zurich has been lifted (*see* Dkt. No. 31) or, if AXO files a Second Amended Complaint prior to the expiration of the noted 30 days, 14 days after the Second Amended Complaint is filed. The Court **FURTHER ORDERS** that Lassiter Ware's Amended Answer to AXO's First Amended Complaint (Dkt. No. 40) is considered a timely answer to the withdrawn and re-filed First Amended Complaint

The Court **FURTHER ORDERS** that Zurich's Motion to Strike (Dkt. No. 41) is **GRANTED**. The Clerk of Court shall **STRIKE** the Amended Complaint filed at Dkt. No. 34.

The Court **FURTHER RECOMMENDS** that the District Court **DISMISS AS MOOT** Lassiter's Motion for Summary Judgment (Dkt. No. 19) without prejudice to re-filing.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## IV. WARNINGS

The parties may file objections to the Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 21, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE