**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **AXO STAFF LEASING, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. A-19-CV-00002-LY |
| | § | |
| **ZURICH AMERICAN INSURANCE** | § | |
| **COMPANY, MCCREADIE &** | § | |
| **MCCREADIE, INC., and** | § | |
| **LASSITER WARE INSURANCE,** | § | |
| *Defendants* | § | |

**O R D E R**

Before the Court is Plaintiff AXO Staff Leasing, LLC's Motion to Lift Stay, filed December 12, 2019 (the "Motion") (Dkt. No. 50), and the related response and reply briefs. On January 6, 2020, the District Court referred the Motion to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Court held a hearing on AXO's Motion on January 30, 2020.

### I. Background

This lawsuit is an insurance coverage dispute between insurer Zurich American Insurance Company ("Zurich") and now-defunct named insured AXO Staff Leasing, LLC ("AXO"). In brief, AXO contends that its former Chief Financial Officer, John Herzer, embezzled $4.7 million,[1] and that the loss is covered under an insurance policy (the "Policy") AXO purchased from Zurich.

---

[1] Herzer pled guilty to Failure to Account for and Pay Over Withholding and F.I.C.A. (Social Security) Taxes, in violation of 26 U.S.C. § 7202. *See United States v. Herzer*, A-18-CR-348-LY (W.D. Tex. Oct. 3, 2018). On January 4, 2019, the District Court sentenced Herzer to imprisonment for 48 months, a three-year term of supervised release, and restitution of $6,445,284. Dkt. No. 21 in A-18-CR-348-LY. As part of the factual basis for Herzer's guilty plea, he agreed that he "used over $4.9 million of company funds for his personal benefit" and that the total tax loss to the United States due to Herzer's conduct is $13,724, 874. Exhibit K to Amended Complaint, Section 5, Dkt. No. 49-11 in the instant case.

1

Under the Policy's "Duties In The Event of Loss" clause, Zurich asked AXO to "[p]roduce for our examination all pertinent records" before scheduling the Examination Under Oath ("EUO") of AXO's corporate representative required by the Policy. *See* Policy, Dkt. No. 13-1 at § F.6. The "pertinent" documents Zurich seeks include those establishing AXO's loss and showing that Herzer qualified as an employee under the policy's definition, which excludes persons "authorized by you [AXO] to sign your checks or make withdrawals from your bank accounts without the countersignature of another natural person similarly authorized by you." *Id.* at § G.11(ii).

On September 16, 2019, the undersigned entered an order granting Zurich's Motion to Compel Examination Under Oath and to Abate the Lawsuit, finding Zurich had established that AXO failed to comply with the conditions precedent contained in the policy before filing suit. Dkt. No. 31. The Court abated this lawsuit until 30 days after AXO "provides the information Zurich needs to complete its investigation," including all documents set forth in Zurich's motion to abate and the examination under oath of AXO's corporative representative. *Id.* at 12.

On December 6, 2019, AXO produced to Zurich three boxes of paper documents, two flash drives, and a computer hard drive; AXO filed the instant Motion six days later. Between December 12, 2019, and the hearing on January 30, 2020, Zurich had the documents duplicated and digitized as needed, and partially reviewed them. *See* Zurich's Advisory to the Court, Dkt. No. 63. Some of the electronic materials AXO produced could not be opened, while one of the flash drives alone contained more than 59,000 separate records. *Id.* at 6. The materials AXO produced included "a number of pornographic photographs of Mr. Herzer." *Id.* at 7.

The parties now disagree whether AXO's production is sufficient to enable Zurich to proceed with the EUO. Among their most significant disputes, Zurich contends that AXO has failed to establish the value of its loss by showing that the bank accounts to which Herzer allegedly

fraudulently transferred funds were not owned by AXO. AXO responds that such records are not within its possession, custody, or control, and because AXO has no corporate assets, Zurich should bear the cost of issuing subpoenas for any pertinent bank records.

The Court finds that it remains AXO's contractual obligation to establish the value of its loss and that its claim is covered by the insurance agreement. *See Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) ("The insured bears the burden of establishing that its claim is covered by the policy. An insurer is liable only for losses covered by the policy.") (citation omitted); *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015) ("Initially, the insured has the burden of establishing coverage under the terms of the policy.") (cleaned up). It is therefore AXO's duty to obtain any documents pertinent to its claim available only by subpoena.

The Court also finds that it would not promote the interests of judicial efficiency to lift the stay of these proceedings until AXO has produced pertinent documents requested by Zurich sufficient to complete a meaningful EUO, to the extent that they exist. *See In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (noting that the court's power to stay a pending matter "has been held to provide the court the 'general discretionary power to stay proceedings before it in control of its docket and in the interests of justice'") (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). The parties are in the best position to identify the pertinent documents necessary at this stage of their dispute. Nonetheless, on the current record, it appears that Zurich's requests are overbroad for this purpose. **Subject to the parties' agreement**, the Court by way of example identifies the following as the subset of all pertinent documents requested by Zurich which, before the parties schedule the EUO, AXO must either (1) produce to Zurich or (2) if they do not exist, so inform Zurich:

3

1. Documents sufficient to show whether Herzer had authority to sign checks or make withdrawals without the countersignature of another person authorized by AXO.[2]

2. Documents sufficient to show that the deposit accounts to which Herzer allegedly made unauthorized transfers were not owned by or otherwise affiliated with AXO.

3. All W-2 forms issued to Herzer by AXO.

4. All documents concerning Herzer's employment by AXO, including but not limited to any background or reference checks, initial hire paperwork, employment agreements, and termination.

5. All documents AXO received from or provided to the United States Department of the Treasury, Internal Revenue Service.

The Court **ORDERS** the parties to reach an Agreement by **February 14, 2020** on the subset of pertinent documents previously identified by Zurich necessary to conduct the EUO efficiently.

AXO is **ORDERED** to produce the documents identified in the Agreement and specify the category in the Agreement to which they are responsive by **April 17, 2020**.

Zurich is **ORDERED** to complete the EUO by **May 29, 2020**.

The parties are further **ORDERED** to submit a joint status report advising the Court when the EUO has been completed.

Pending completion of the foregoing, AXO's Motion to Lift Stay is **DENIED.**

**SIGNED** on January 31, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] Matthew Marchant, owner and sole member of AXO, also owned other companies bearing the AXO name. Amended Complaint ¶ 7, Dkt. No. 49. Zurich seeks pertinent documents pertaining to several AXO entities.