**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **AXO STAFF LEASING, LLC,** § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> **ZURICH AMERICAN INSURANCE** § <br> **COMPANY, MCCREADIE &** § <br> **MCCREADIE, INC., and** § <br> **LASSITER WARE INSURANCE,** § <br> *Defendants* § | **Case No.  A-19-CV-00002-LY** |

**O R D E R**

Before the Court are Defendant Zurich American Insurance Company's ("Zurich") Status Report and Request for Telephone Conference with Magistrate Judge, filed April 21, 2020 (Dkt. No. 68), and Plaintiff AXO Staff Leasing, LLC's ("AXO") Response, filed April 22, 2020 (Dkt. No. 69). Zurich's status report concerns an order issued by the undersigned on January 31, 2020 (the "Order," Dkt. No. 67) denying AXO's Motion to Lift Stay (Dkt. No. 50), which the District Court referred to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. Zurich's request for a telephone conference therefore is **DENIED**.

**I.  Background**

This is an insurance coverage dispute between insurer Zurich and now-defunct named insured AXO. AXO contends that its former Chief Financial Officer, John Herzer, embezzled $4.7 million, and that the loss is covered under an insurance policy AXO purchased from Zurich ("Policy").

1

For more than a year in this Court, the parties have been in a stalemate over the Examination Under Oath ("EUO") of AXO's corporate representative required by the Policy. *See* Policy at § F.6, Dkt. No. 13-1 at 11-12. On September 16, 2019, the Court found that AXO had failed to provide documents sufficient for the EUO to proceed. *See* Dkt. No. 31. Such documents include those establishing AXO's loss and showing that Herzer qualified as an employee under the policy's definition, which excludes persons "authorized by [AXO] to sign your checks or make withdrawals from your bank accounts without the countersignature of another natural person similarly authorized by you." Policy at § G.11(ii), Dkt. No. 13-1 at 16. AXO complains that it lacks assets to subpoena pertinent documents, but the Court has found that it is AXO's contractual obligation to establish the value of its loss and that its claim is covered by the insurance agreement, and so it is AXO's duty to obtain any documents pertinent to its claim available by subpoena only.

## II.     Analysis

In the Order, the Court required the parties to take the following steps:

1. The parties must reach an Agreement by February 14, 2020, on the subset of pertinent documents previously identified by Zurich necessary to conduct the EUO efficiently.

2. AXO must produce the documents identified in the Agreement and specify the category in the Agreement to which they are responsive by April 17, 2020.

3. Zurich must complete the EUO by May 29, 2020.

4. The parties must submit a joint status report advising the Court when the EUO has been completed.

The parties failed to complete even Step 1. The exhibits Zurich submitted with its status report indicate that attorneys Katherine J. Walters for AXO and Alicia G. Curran for Zurich conferred on February 14, 2020, and reached an agreement on document production. Ms. Walters memorialized the agreement on AXO's behalf in a letter dated February 17, 2020. Exhibit B, Dkt. No. 68-2. Zurich states that: "The following day, counsel for Zurich returned the draft with revisions

consistent with the oral agreement." Dkt. No. 68 at 6.[1] Counsel for AXO did not respond. When counsel for Zurich inquired by email as to the status of the agreement on February 21, 2020, Sheldon Richie, an attorney for AXO who did not participate in the February 14, 2020 telephone conference, responded and attached a revised agreement. Exhibit E, Dkt. No. 68-5. Ms. Curran, Zurich's counsel, "made the necessary revisions to the agreement and returned it to counsel for AXO within two hours." Dkt No. 68 at 7; *see also* Exhibit F, Dkt. No. 68-6.

AXO never signed the agreement or proposed additional revisions. Dkt. No. 68 at 7. Instead, after repeated inquiries from Zurich as to the status of the agreement and whether AXO had issued subpoenas for relevant banking records, AXO sent Zurich a letter on March 16, 2020, claiming for the first time that it is entitled under the Policy to reimbursement of $150,000 in expenses. Exhibit K, Dk. Not. 68-11. AXO wrote: "Upon receipt of reimbursement, AXO will then be able to prepare and serve subpoenas on the financial institutions that it intends to rely on to prove the remainder of its claim." *Id.* In its Response, AXO asserts that "under the clear terms of its policy, Zurich has an obligation to provide funding to AXO to investigate its claim." Dkt. No. 69 at 2.

The Court disagrees. It is far from clear that the facts asserted by AXO in this lawsuit satisfy the provisions of the Policy under which it now seeks reimbursement, including those pertaining to the disputed issue whether or not Mr. Herzer was an "employee" of AXO. *See* Exhibit L, Dkt. No. 68-12.[2] AXO offers no further explanation for its failure to comply with the Court's Order.

---

[1] Zurich did not make of record its proposed revisions to AXO's original draft of the agreement.

[2] More specifically, AXO attempts to rely on Insuring Agreements §§ A.8/9 and A.10/11 and/or Coverage Extensions §§ E.1 and/or E.3. Sections A.8/9 pertain to a "security breach," defined as "the unauthorized or unlawful access, release, disclosure, alteration, destruction, or misappropriation of private or confidential information" by employees and non-employees. Dkt. No. 13-1 at 23. Sections A.10/11 relate to the use of "personal identity information." *Id.* at 22-23. Extension § E.1 applies only to "employees," and Extension § E.3 concerns "Vendor Management Services." *Id.* at 10. AXO has not asserted a "security breach," misuse of personal identity information, or claims concerning vendor management services. *See* Dkt. No. 1-2.

### III.  Conclusion

In furtherance of the previous Order, the parties are hereby **ORDERED** to proceed in accordance with the terms of the last version of their February 21, 2020 letter agreement, submitted as Exhibit F, Dkt. No. 68-6. AXO is **ORDERED** to fully comply with its obligations as detailed in that version of the agreement by **June 5, 2020**.

Zurich is **ORDERED** to either (1) inform the Court by **June 15, 2020** that AXO has failed to comply with the terms of this order, or (2) complete the EUO by **July 17, 2020**.

Should the EUO proceed, the parties are **ORDERED** to submit a **joint** status report advising the Court when the EUO has been completed.

Should AXO once again fail to produce pertinent documents as ordered, the Court will recommend issuance of an order that AXO show cause in writing why this action should not be dismissed for want of prosecution.

**SIGNED** on May 8, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE