# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **AXO STAFF LEASING, LLC,** § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. A-19-CV-00002-LY |
| § | |
| **ZURICH AMERICAN INSURANCE** § | |
| **COMPANY, MCCREADIE &** § | |
| **MCCREADIE, INC., and** § | |
| **LASSITER WARE INSURANCE,** § | |
| *Defendants* § | |

## O R D E R

Before the Court are status reports filed by Defendant Zurich American Insurance Company on June 15, 2020 (Dkt. 75) and by Plaintiff AXO Staff Leasing, LLC's ("AXO") on June 16, 2020 (Dkt. 76). On June 16, 2020, the District Court referred all pending and future motions to the undersigned for resolution or report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 77.

This is an insurance coverage dispute between insurer Zurich and now-defunct named insured AXO. AXO contends that its former Chief Financial Officer, John Herzer, embezzled more than $4.7 million from it, and that the loss is covered under an insurance policy AXO purchased from Zurich ("Policy"). For more than a year in this Court, the parties have been in a stalemate over the Examination Under Oath ("EUO") of AXO's corporate representative required by the Policy. *See* Policy at § F.6, Dkt. 13-1 at 11-12.

On September 16, 2019, the Court found that AXO had failed to provide documents sufficient for the EUO to proceed. *See* Dkt. 31. Such documents include those establishing AXO's loss and showing that Herzer qualified as an employee under the Policy, which excludes persons

1

"authorized by [AXO] to sign your checks or make withdrawals from your bank accounts without the countersignature of another natural person similarly authorized by you." Policy at § G.11(ii), Dkt. 13-1 at 16. AXO complains that it lacks assets to subpoena pertinent documents, but the Court has found that it is AXO's contractual obligation to establish the value of its loss and that its claim is covered by the insurance agreement. Therefore, it is AXO's duty to obtain any documents pertinent to its claim available only by subpoena.

On May 8, 2020, the undersigned entered an order requiring AXO to produce the pertinent documents so that the EUO could proceed. Dkt. 70. Zurich was ordered to either inform the Court by June 15, 2020 that AXO had failed to comply with the terms of the order, or complete the EUO by July 17, 2020. *Id.* at 4. The Court warned AXO that, should it once again fail to produce pertinent documents as ordered, the Court would recommend issuance of an order that AXO show cause in writing why this action should not be dismissed for want of prosecution. *Id.* AXO appealed the order to the District Court, which affirmed the order on June 9, 2020. Dkt. 74.

AXO timely filed its status update advising the Court that AXO had not complied with its obligations. Zurich stated that "AXO has made no efforts to subpoena records and provide the documents pertinent to AXO's claim so that a coverage decision can be issued, and the parties are in no different a position than they were two months ago." Dkt. 75 at 2. AXO responds that it has provided the report of a forensic accountant establishing the amount of money stolen by Herzer and the bank accounts on which the expert relied; W-2s and payroll tax reports showing that Herzer was an employee of AXO when he embezzled; and a stipulation that "none of the bank accounts relied upon by AXO required two signatures of AXO employees or officers." Dkt. 76 at 1.[1]

---

[1] AXO apparently refers to a statement in its appeal brief that it "**Stipulates** to this Court that the accounts that AXO relies on to establish its claim against Zurich do not require two signatures on checks or transfers from those accounts." Dkt. 71 at 2.

The Court finds that AXO has failed to comply with the May 8, 2020 order by producing documents sufficient for the EUO to proceed. Its decision not to subpoena the bank records relevant to its claims is particularly baffling, given that AXO's counsel offered to do just that in negotiations with Zurich's counsel in February 2020. *See* Dkt. 68-5.

For these reasons, the Court **ORDERS** AXO to **SHOW CAUSE** in writing why this action should not be dismissed for want of prosecution. **IT IS FURTHER ORDERED** that the show cause briefs shall not exceed 15 pages in length, and the briefing deadlines shall be **July 6, 2020** for Plaintiff's Brief and **July 20, 2020** for Defendant to either file a response or notify the Court that it is not filing a brief. If Defendant files a response, AXO shall have until **July 27, 2020** to file a reply brief, which shall be limited to 10 pages.

**SIGNED** on June 19, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE