UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AXO STAFF LEASING, LLC § | |
| § | |
| v. § | |
| § | |
| ZURICH AMERICAN INSURANCE § | Civil No. 1:19-CV-002-LY |
| COMPANY, MCCREADIE & § | |
| MCCREADIE, INC. d/b/a AMERICAN § | |
| PEO INSURERS, and LASSITER § | |
| WARE INSURANCE § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

TO THE HONORABLE COURT:

Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Plaintiff AXO Staff Leasing, LLC ("AXO") submits this Motion requesting the Court reconsider Its Order Denying (Dkt. 71) AXO's Appeal of Magistrate Judge's Order and Objections Thereto filed on May 15, 2020 and Affirming (Dkt. 70) Magistrate Judge's Order on May 8, 2020, submits the following:

**Relevant Procedural Background**

1.      There is no doubt that AXO is the victim of corporate embezzlement. Its former Chief Financial Officer, John Herzer ("Herzer"), admitted to stealing $4.9 Million of AXO's funds for his personal benefit as outlined in his Plea Agreement filed on October 3, 2018. John Herzer pleaded guilty to a violation of 26 U.S.C. § 7202, Failure to Account for and Pay Over Withholding and F.I.C.A. (Social Security) Taxes. To accomplish his embezzlement, Herzer created forged audits, maintained a separate set of books, and controlled AXO's records management to minimize discovery of his crime. To put it lightly, AXO's business records were in complete disarray when John Herzer was terminated by the company.

2. AXO's lawsuit arises from Zurich's failure to issue an insurance coverage determination for a loss that was discovered by AXO on January 17, 2017.[1] AXO promptly notified Zurich of the loss, and Zurich acknowledged its receipt of the notice on January 25, 2017.[2] On May 12, 2017, AXO timely submitted its Proof of Loss to Zurich, which acknowledged receipt on the same day.[3] Two months later, Zurich hired a forensic accountant, RGL Forensics, to investigate the claim on Zurich's behalf.[4] AXO and Matthew Curtis, a forensic accountant for RGL, began to communicate and Mr. Curtis made multiple requests for AXO's financial records, and AXO responded to each request with all documents it possessed or to which it could obtain access through third parties. AXO provided Zurich and RGL Forensics with a full copy of AXO's forensic accounting when that analysis was complete.[5]

3. On August 23, 2017, John Riddle, writing on behalf of Zurich, wrote a Reservation of Rights Letter. In that letter, Zurich requested "documents relating to the issue of whether Mr. Herzer was authorized to sign AXO's checks or make withdrawals from its bank accounts without the Counter-Signature Requirement."[6] The letter also purported to request an Examination Under Oath ("EUO") after it received sufficient documentation to complete its investigation.[7] Despite receiving thousands of records from AXO, including a completed forensic accounting, Zurich declined to examine Matthew Marchant, AXO's President and sole owner, prior to the filing of the lawsuit.[8]

---

[1] Plaintiff's Original Petition at ¶ 15. Dkt. No. 1, p. 10.
[2] *Id*. at ¶ 17., p. 12.
[3] *Id*. at ¶ 18., p. 13.
[4] *Id*. at ¶ 20., p. 14.
[5] *Id*.
[6] Dkt. No. 13-2. Hereafter, this requirement will be referred to as the "Counter-Signature Requirement."
[7] *Id*.
[8] *See, generally,* Motion to Compel Examination Under Oath and to Abate Lawsuit, Exhibit D, Dkt. No. 13-4.

4. On November 30, 2018, AXO filed its lawsuit in state court, and Zurich removed the case to federal court on January 2, 2019.[9] Three months later on April 15, 2019, Zurich filed a Motion to Compel Examination under Oath and Abate this Lawsuit seeking, without ever serving a request for production, to compel the production of documents. The motion referred to United States Magistrate Judge Susan Hightower.[10] On September 16, 2019, United States Magistrate Judge Susan Hightower granted Zurich's motion in its entirety, ordering abatement of the case "until 30 days after AXO provides the information Zurich needs to complete its investigation, including all documents set forth in its Motion to Abate and submits to the EUO."[11]

5. On December 6, 2019, AXO wrote to Zurich that ALL AXO documents that exist in its books and records have been deposited with Richie & Gueringer, P.C. and invited Zurich to inspect and copy the documents at the offices of Richie & Gueringer or for Zurich to arrange for a copying service to scan the records. AXO also informed Zurich that Matthew Marchant, AXO's only representative, was available for a sworn statement.[12]

6. AXO sent a letter to Zurich on May 15, 2020, forwarding documents responsive to John Herzer's employment at AXO.[13] On May 15, 2020, AXO also filed its written statement of appeal to specifically designate its objections to the Order (Dkt. 70) entered on May 8, 2020, by the Honorable Susan Hightower, Magistrate Judge for the United States District Court for the Western District Texas. Zurich filed a response (Dkt. 73) to the appeal and the Court entered an Order (Dkt. 74) denying AXO's Appeal of Magistrate Judge's Order and Objections Thereto filed on May 15, 2020 (Dkt. 71).

---

[9]  *See, generally,* Order, Dkt. No. 31.
[10] Dkt. No. 17, Dkt. No. 26.
[11] Dkt. No. 31.
[12] Dkt. No. 51-3.
[13] Exhibit C, Letter to Alicia Curran dated May 15, 2020.

**Motion for Reconsideration**

7.      This Court is familiar with the background and procedural history of this case. For purposes of this Motion for Reconsideration, and to reiterate the injustice and harm to AXO that would result should the Court not vacate its Order (Dkt. 74) and grant AXO's Appeal of Magistrate Judge's Order and Objections Thereto filed on May 15, 2020 (Dkt. 71) and lift the stay, AXO moves this Court to reconsider its June 9, 2020, Order (Dkt. 74).

**A.     Evidence Provided Since May 8, 2020, Order of Magistrate Judge**

8.      Since the May 8, 2020, Order of Magistrate Judge Susan Hightower, AXO has provided Zurich three very <u>critical</u> pieces of information that Zurich has wholly failed to recognize. On May 15, 2020, AXO submitted to Zurich the i). the report of Plaintiff's forensic expert witness Otto Wheeler, CPA, establishing the amount of monies stolen by John Herzer, the employee and CFO of Plaintiff, and most important, the only accounts that Mr. Wheeler relies upon to reach his conclusions; ii). W-2 documents showing that John Herzer was an employee of AXO when he stole monies from AXO, along with public filings such as Payroll Tax Reports filed with the Internal Revenue Service; and, iii). a stipulation from AXO that none of the bank accounts relied upon by AXO required two signatures of AXO employees or officers. All of the account records that AXO has that Mr. Wheeler reviewed have been provided to Zurich for over two years. **<u>Importantly, AXO stipulated in its Appeal of the Magistrate's Order [DKT. 71] that AXO relies on no other bank records or documents than those identified by Mr. Wheeler to support any of its claims in this lawsuit.</u>**

**B.     Zurich's Investigation**

1.      For twenty-six months, Zurich has known that AXO does not own the account that received the majority of the fraudulent transactions claimed as losses. There can be no reasonable explanation for Zurich's failure to conclude that AXO's losses are legitimate.

2.      Matthew Curtis, Zurich's forensic accountant, stated, "It appears that the majority of the claim is resulting from electronic transfers out of various AXO bank accounts. It also appears that the majority of these transfers went to First Lockhart bank account #321711… Do we have any kind of documentation (e.g. bank statements, direct deposit slips, etc.) for these destination accounts, that would substantiate ownership or affiliation with Herzer?"[14] AXO requested this information from First Lockhart, which refused to provide it because it was not an AXO account.[15]

**C.     Otto Wheeler, AXO Forensic Accountant, Report**

3.      Mr. Wheeler identified in his Report[16] the accounts he has reviewed and the amount he concludes was misappropriated or stolen by Mr. Herzer. Despite this, Zurich appears to contend it cannot conclude money was actually stolen, the amount of the loss, and the banks that were impacted by the theft. Yet, all of this information is identified in Mr. Wheeler's report. Zurich's ability to delay its investigation makes it possible, even likely, that Mr. Herzer could serve his entire sentence and return to society while AXO's claim remains in lockdown, with Zurich holding the keys.

---

[14]     Exhibit A, Email.
[15]     Exhibit B, Email.
[16]     Dkt. 71-2.

D.     **Statutory Case**

4.     **AXO continues to be denied its right to proceed, to prepare its case, and proceed to trial… its due process rights.**

## Conclusion

5.     The evidence presented to Zurich demonstrates that AXO has satisfied its burden to produce evidence that John Herzer was an employee of AXO, that John Herzer embezzled $4.9 Million, and that AXO does not own the account into which John Herzer transferred the majority of the funds AXO claims as losses.  John Herzer currently sits in Federal prison having admitted to stealing $4.9 Million, as set out in his Plea Agreement and therefore, the perspective expressed by the Court in its Order (Dkt. 70) that AXO has failed to establish that John Herzer, the employee who embezzled funds from AXO, was an employee of AXO or the facts to establish its loss, is in fact wholly inaccurate and as such Zurich should not be permitted to continue to require AXO to spend tens of thousands of dollars to subpoena bank records completely unrelated to AXO's claims in order for Zurich to determine John Herzer was solely responsible for the fraudulent transactions.

6.     The abatement should be lifted.

## Request for Relief

WHEREFORE PREMISES CONSIDERED, for the foregoing reasons, Plaintiff AXO Staff Leasing, LLC respectfully request that this Court grant its Motion for Reconsideration and reconsider and vacate its Order (Dkt. 74) Denying AXO's Appeal of Magistrate Judge's Order and Objections Thereto filed May 15, 2020 (Dkt. 71), vacate the Magistrate Judge's Order on May 8, 2020 (Dkt. 70), lift the stay and grant Plaintiff AXO Staff Leasing, LLC any and all relief to which it may be entitled.

Dated: June 22, 2020.	Respectfully submitted,

        BY: */s/ Sheldon E. Richie*
            SHELDON E. RICHIE
            State Bar No. 16877000
            Email: srichie@rg-austin.com
            KATHERINE J. WALTERS
            State Bar No. 00785174
            Email: kwalters@rg-austin.com
            RICHIE & GUERINGER, P.C.
            100 Congress Avenue, Suite 1750
            Austin, Texas 78701
            (512) 236-9220 Telephone
            (512) 236-9230 Facsimile

            Jason W. Snell
            State Bar No. 24013540
            Email: firm@snellfirm.com
            THE SNELL LAW FIRM, P.L.L.C.
            1615 W. 6th Street, Suite A
            Austin, Texas 78703
            (512) 477-5291 Telephone
            (512) 477-5294 Facsimile

            ATTORNEYS FOR PLAINTIFF,
            AXO STAFF LEASING, LLC

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on counsel of record pursuant via the Court's CM/ECF electronic notification system on June 22, 2020.

            */s/ Sheldon E. Richie*
            Sheldon R. Richie